## UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 11, 2005[*]
Decided August 17, 2005

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1804

JAMES R. STEPHENS,
 *Plaintiff-Appellant*,

  *v.*

JACK L. COTTEY, et al.,
 *Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.

No. 02 C 1212

John Daniel Tinder,
*Judge*.

**O R D E R**

  Indiana prisoner James Stephens was held briefly at the Marion County Jail while attending a postconviction hearing in Indianapolis, and for eight days of his stay was given insufficient bedding. He spent three days with no mattress, sleeping directly on the metal bedframe, and five days with no bedframe, sleeping on a mattress on the floor. Stephens sued, claiming that a consent decree from an unrelated lawsuit in which Marion County Jail officials agreed to improve various prison conditions, including bedding, "created a liberty/property interest that is protected by due process." The district court granted summary judgment to the defendant jail officials, rejecting the due process claim and holding that Stephens's Eighth Amendment rights were not violated. On appeal, Stephens challenges both conclusions. There are no facts in dispute; we are presented only with questions of law.

---

[*]After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Stephens first argues that the district court erred in determining that he does not have a liberty interest in proper bedding. He contends that a class action lawsuit against officials of the Marion County Jail—a suit that yielded a 1975 settlement and consent decree and a 2003 court order imposing sanctions for violating that consent decree—created a liberty interest in a bed and mattress for all inmates at the jail.

The 2003 court order cannot confer a liberty interest on Stephens because it was issued well after his jail stay. And we doubt that a consent decree or a follow-up court order in a lawsuit to which Stephens was not even a party could confer upon him a constitutionally protected liberty interest. In its recent decision in *Town of Castle Rock v. Gonzales*, 125 S. Ct. 2796, 2809-10 (2005), the Supreme Court held that a domestic violence restraining order did not create a constitutionally protected entitlement to enforcement of the order. The due process claim in this case falls within the *Castle Rock* holding.

Moreover, Stephens failed to show that his ordeal was an "atypical and significant hardship." *See Wilkinson v. Austin*, 125 S. Ct. 2384, 2394 (2005); *Sandin v. Connor*, 515 U.S. 472, 484 (1995). In determining whether prison conditions meet this standard, courts place a premium on the duration of the deprivation, *Arce v. Walker*, 139 F.3d 329, 336 (2d Cir. 1998), and we have held that more extended and serious burdens than the one Stephens endured do not amount to a deprivation of a liberty interest. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90-day disciplinary segregation with severe restrictions on exercise, group worship, work, and educational opportunities not atypical or significant); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70-day confinement with another inmate in one-man cell for 24 hours a day does not implicate liberty interest). Summary judgment on this claim was appropriate.

Stephens also challenges in general terms the district court's resolution of his Eighth Amendment conditions-of-confinement claim. But summary judgment was proper here as well because Stephens failed to prove that he suffered an "extreme" deprivation. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). As is the case under the Due Process Clause, a short-term deprivation is less serious for Eighth Amendment purposes than a long-term one. *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Sleeping for three days on a bedframe without a mattress is not extreme, *see Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989), and neither is sleeping for five days on a mattress without a bedframe, *Rogers v. Thomas*, 879 F.2d 380, 383-84 (8th Cir. 1989). *See also Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (the Constitution does not require elevated beds for prisoners); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (same). *But cf. Lyons v. Powell*, 838 F.2d 28, 31 (1st Cir. 1988) (pretrial detainee stated a claim by alleging that he had to sleep on a mattress on the floor for 27 days). In addition, although Johnson sought medical treatment for a sore back because of the sleeping arrangements, it is undisputed that he was not seriously harmed and was merely

prescribed a cold pack and analgesics.  This further undermines his conditions-of-confinement claim.  *See Rogers*, 879 F.2d at 384.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.